■ PATRICIA FOGELMAN et al., Appellants, v SPRING SWINGS, INC., Respondent, et al., Defendants. [719 NYS2d 662] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Berler, J.), dated September 10, 1999, which granted the motion of the defendant Spring Swings, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Patricia Fogelman was injured in a fall from an outdoor recreational device manufactured by the defendant Spring Swings, Inc. (hereinafter Spring), which had been negligently installed by the defendant Gold Coast Tennis, Inc. (hereinafter Gold Coast). Spring moved for summary judgment dismissing the complaint insofar as asserted against it, contending that Gold Coast's deviation from Spring's installation instructions absolved Spring of liability. The plaintiff asserted that there was a triable issue of fact as to whether Spring's installation instructions were inadequate, and thus contributed to the foreseeability of possible injury.

A manufacturer of a reasonably safe product cannot be held liable for injuries proximately caused by substantial alterations or modifications of the product by a third party which renders the product defective or otherwise unsafe (*see, Amatulli v Delhi Constr. Corp.*, 77 NY2d 525). In the present case, it is uncontroverted that the eyebolts used by Gold Coast's employ-

ees in assembling the recreational device were not those supplied by Spring or recommended in the product's instructions. Because the proximate cause of the plaintiff's injury was the failure of those eyebolts, the Supreme Court properly granted Spring's motion (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Amatulli v Delhi Constr. Corp., supra*). S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.